UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00175-SEP |
| | ) |
| ST. LOUIS-KANSAS CITY CARPENTERS | ) |
| REGIONAL COUNCIL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

Before the Court is Defendant St. Louis-Kansas City Carpenters Regional Council's Motion to Partially Dismiss. Doc. [34]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

### FACTS AND BACKGROUND

Plaintiff Mary Miller filed this action on January 30, 2020, alleging that Defendant, her employer, violated her rights under the Age Discrimination in Employment Act (ADEA).[1] 29 U.S.C. §§ 621-634. *See* Doc. [1]. Plaintiff subsequently filed a First Amended Complaint on November 6, 2020. Doc. [30]. In her First Amended Complaint, Plaintiff alleges that she worked for Defendant for over 15 years as a front-office receptionist in its St. Louis office. Doc. [30] ¶ 2. Plaintiff submits that on or near December 19, 2014, an office manager employed by Defendant asked her whether she had considered "going part time." *Id.* ¶ 28. When Plaintiff resisted the suggestion, the office manager gave her the choice between accepting part-time employment or being terminated. *Id*. ¶ 29. Plaintiff accepted part-time employment, and her hours were reduced from 40 hours to 28.5 hours per week. During her time as a part-time receptionist, Plaintiff claims she never received any negative performance reviews or indications that her work was not satisfactory. *Id.* ¶¶ 3-4.

On February 13, 2018, Plaintiff was terminated by Defendant. *Id*. ¶ 35. Plaintiff alleges that she was informed by Executive Secretary Treasurer for Defendant, Albert Bond, that the

---

[1] Plaintiff alleges two counts. Count I alleges unlawful termination based on age discrimination in violation of the ADEA, and Count II alleges unlawful discrimination based on practices of disparate treatment under the ADEA.

1

reason for her termination was that "part time didn't seem to be working out" and that Defendant was "going in a different direction." *Id*. Additionally, Plaintiff alleges that her severance pay was conditioned on her signing a "Separation Agreement." *Id*. ¶ 38. The Agreement, Plaintiff claims, included "language which could be construed as a release of claims." *Id*. ¶ 37. An employee of Defendant told Plaintiff that she must sign the Agreement no later than February 19, 2018, and Plaintiff ultimately complied. *Id*. ¶ 38.

Two other women, Maureen Lordo and Peggy Gabala, ages 60 and 61, respectively, were also terminated on the same day as Plaintiff. *Id*. ¶ 36. Plaintiff alleges that Ms. Lordo and Ms. Gabala were similarly required to sign an agreement as a condition of their severance pay. *Id*. ¶ 43. Plaintiff contends that this is not the first occasion on which Defendant has used such agreements as conditions to benefits. She alleges that, on other occasions prior to and after February 18, 2018, Defendant utilized separation agreements that waived statutory rights to discrimination claims when women over the age of 40 were terminated. *Id*. ¶ 44. Finally, Plaintiff alleges that Defendant hired two new front-desk receptionists to replace Plaintiff—both of whom were under the age of 30. *Id*. ¶ 47.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Doc. [1] at 3. The EEOC then issued a timely Charge of Discrimination on July 17, 2018.

## **LEGAL STANDARD**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009)). The Court "need not accept as true plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

"The ADEA makes it 'unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Oniyah v. St. Cloud State Univ.*, 684 F.3d 711, 719 (8th Cir. 2012) (quoting 29 U.S.C. § 623(a)(1)). To bring a lawsuit under the ADEA, a plaintiff must first exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC within 300 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1)(B); *see also Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996)) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). Plaintiff filed her claim with the EEOC on July 17, 2018. Thus, barring any exception, only those acts that occurred 300 days before that date are actionable.

"[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *National Railroad Passenger Co. v. Morgan*, 536 U.S. 101, 113 (2002). Thus, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* "A discrete act 'occurred' on the day that it 'happened' and constitutes its own unlawful employment practice." *Mems v. City of St. Paul, Dep't of Fire and Safety Servs.*, 327 F.3d 771, 785 (8th Cir. 2003) (internal quotation marks omitted) (citing *Morgan*, 536 U.S. at 109). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify." *Morgan*, 536 U.S. at 114. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Id. See also Richter v. Advanced Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (interpreting *Morgan* as "abrogat[ing] the continuing violation doctrine as previously applied… and [replacing it] with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment' practice for which administrative remedies must be exhausted.") (internal quotation marks omitted).

3

Federal discrimination claims are "subject to equitable exceptions, including the continuing violation doctrine." *Gillespie v. Charter Commc'ns*, 31 F.Supp.3d 1030, 1033 (E.D. Mo. 2014) (citing *Rowe v. Hussman Corp.*, 381 F.3d 775, 782 (8th Cir. 2004)).  But the Supreme Court has limited the use of the continuing violation doctrine as a mechanism for bringing expired claims within the limitations period.  *See Tademe v. Saint Cloud State University*, 328 F.3d 982 (8th Cir. 2003) (citing *Morgan*, 536 U.S. at 122).  In *National Railroad Passenger Co. v. Morgan*, the Court acknowledged an exception to the general rule that bars discriminatory actions occurring outside of the statutory period, but only with respect to hostile work environment claims.  *See Hulburt v. Lohr Distributing Co.*, 2018 WL 3870109, at *6 (E.D. Mo. Aug. 15, 2018) (citing *Morgan*, 536 U.S. at 117).  Hostile work environment claims, by their nature, involve serial conduct and cannot be pinpointed to a precise moment.  *See Cooper v. KSHB-TV 41*, No. 17-0041-CV-W-BP, 2018 WL 8131234, at *4 (W.D. Mo. Apr. 2, 2018) (citing *Morgan*, 536 U.S. at 118).

Despite *Morgan*'s rejection of the "serial violations" continuing violation theory as applied to discrete discriminatory acts, some courts of appeals have held that "the continuing-violations theory still applies to discrete discriminatory acts that are a part of a longstanding and demonstrable policy of discrimination." *Austion v. City of Clarksville*, 244 Fed. Appx. 639, 647 (6th Cir. 2007) (internal quotation marks omitted) (citing *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003)) ("The second category of continuing violations, involving a longstanding and demonstrable policy of discrimination, is not implicated by *Morgan*.").  To establish a longstanding and demonstrable policy of discrimination, a plaintiff must demonstrate that the employer's "standing operating procedure included intentional discrimination against the class of which plaintiff was a member." *Id.* (internal quotation marks omitted).  Proof of discriminatory treatment is not sufficient.  *See id.*  Rather, a plaintiff must show that the defendant treated her discriminatorily pursuant to a "continuing over-arching policy of discrimination." *Id.* (quoting *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1106 (6th Cir. 1995)).  This "second category" of continuing violations is "strictly construed" and is generally "only satisfied where the defendant has a known policy or rule supporting discrimination." *Id.* (citation omitted).

**I.      Plaintiff's 2014 reduction in hours from full-time to part-time is a "discrete act" and thus untimely.**

4

After *Morgan*, each discrete incident of discrimination constitutes its own "unlawful employment practice" for which administrative remedies must be exhausted. *Richter*, 686 F.3d at 851. If Plaintiff's demotion from full-time to part-time employment is a discrete act, then Plaintiff's claims related to that action will be barred unless she filed a Charge of Discrimination with the EEOC within 300 days of that act.

Discrete acts are "isolated events" of discrimination. *See Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 486 (8th Cir. 1997). In *Morgan*, the Supreme Court listed several categories of discrete discriminatory acts that are easy to identify, including termination, failure to promote, denial of transfer, or refusal to hire. *Morgan*, 536 U.S. at 114. A reduction in hours plainly falls within the category of offenses identified by *Morgan* as discrete acts. *See Hulburt*, 2018 WL 3870109, at *6 (finding that a reduction in an employee's hours constituted a discrete act). Like termination, failure to promote, denial of transfer, and refusal to hire, a decision to reduce an employee's hours occurs at one identifiable date and time. Although the isolated event of her demotion may have had a "continuous impact" on Plaintiff, that is not sufficient to bring the charge within the statutory period. *See Herrero*, 109 F.3d at 486.

In her EEOC Charge, Plaintiff claims that the alleged demotion from full time to part time took place in December 2014.[2] Doc. [35-1]. She did not file her Charge of Discrimination with the EEOC until July 2018—well more than 300 days thereafter. Thus, Plaintiff's claims relating to her demotion are untimely.

**II.    Plaintiff's claims relating to her 2014 reduction in hours do not qualify for the continuing violation exception to the timeliness requirement.**

Both of Plaintiff's attempts to save her claims relating to the 2014 reduction in hours fail. First, she invokes the continuing violation doctrine. As noted above, *Morgan* allows the continuing violation doctrine to provide a basis for some claims based on discriminatory acts that occur outside the limitation period, but only in the context of hostile work environment claims. *See Morgan*, 536 U.S. at 117; *see also Hurlburt*, 2018 WL 3870109, at *6. Plaintiff does not allege a hostile work environment. Rather, Plaintiff's EEOC Charge states that she was discriminated against on two separate occasions: December 2014 and February 13, 2018. Doc.

---

[2] The Court properly considers the Charge of Discrimination because it is "incorporated by reference" into the pleadings, *Dittmer Props., LP v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013) (internal quotation marks omitted), and it is a public record, *Faisbich v. Univ. of Minn.*, 304 F.3d 797, 802-03 (8th Cir. 2002) (citation omitted) (concluding that "an EEOC charge is part of the public record").

[35-1]. Although there is no specific method to indicate hostile work environment claims on an EEOC Charge form, there is nothing in the Charge that suggests that Plaintiff suffered from any adverse treatment other than her demotion and termination. Plaintiff's Amended Complaint also does not allege hostile work environment claims. As such, the narrow exception for continuing violations under *Morgan* is unavailable to Plaintiff.

Plaintiff next attempts to classify her claims as so-called "pattern-or-practice" discrimination, which *Morgan* did not limit. *See id.* at 115 n.9. Although *Morgan* left open the possibility of such a claim, the Eighth Circuit has held that alleging discrimination based on a "pattern-or practice" does not "turn discrete acts into a single unlawful practice for the purpose of timely filing." *Tademe*, 328 F.3d at 988 (citing *Morgan*, 536 U.S. at 111). Plaintiff primarily relies on other courts of appeals, specifically the Sixth Circuit, to invoke the "longstanding policy of overarching discrimination" theory of continuing violations.[3] Doc. [38] at 4. To establish a longstanding and demonstrable policy of discrimination, Plaintiff must show that Defendant maintained a "standard operating procedure" of discriminating against employees on the basis of age. *Austion*, 244 Fed. Appx. at 647-48.

In support of her claim, Plaintiff contends that her 2014 demotion was used as a pretext by Defendant to justify her termination, as well as the termination of the other two women who were fired on the same day as Plaintiff. Doc. [38] at 5. Proof of allegedly discriminatory *acts* is not sufficient, however; Plaintiff fails to point to a discriminatory *policy* of Defendant's. *See Austion*, 244 Fed. Appx. at 647.

Plaintiff does allege that Defendant conditioned severance pay on acceptance of separation agreements in other instances where female employees over the age of 40 were terminated, but that alone could not support a finding that it was Defendant's "longstanding policy" to do so. *See* Doc. [30] ¶ 44. Indeed, that is the logic that the Eighth Circuit warned against in *Tademe*. The use of terms like "practice" or "policy," without more, cannot bring otherwise time-barred acts within the filing period. The Court agrees with Plaintiff that it is

---

[3] Plaintiff also refers to several decisions about discriminatory pay claims. While Plaintiff is correct that the *Morgan* court preserved *Bazemore v. Friday*, 478 U.S. 385 (1986), courts of appeals have found discriminatory pay claims to be "fundamentally unlike other claims of ongoing discriminatory treatment," because they involve "a series of discrete individual wrongs rather than a single and indivisible course of wrongful action." *Goodwin v. General Motors Corp.*, 275 F.3d 1005, 1010 (10th Cir. 2002) (quoting *Pollis v. New School for Soc. Research*, 132 F.3d 115, 119 (2nd Cir. 1997)).

unrealistic to expect that all discriminatory policies be "found in a defendant employer's policy manuals." Doc. [38] at 5. Nevertheless, something more than a few instances of discrimination must be alleged to sufficiently plead a single continuous unlawful employment policy or practice. Construing Plaintiff's Charge and Amended Complaint liberally, she still fails to sufficiently plead a continuing violation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Partially Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims based on her December 2014 reduction in hours are **DISMISSED with prejudice**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 30th day of September, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE